RAWSON, *Judge, versus* PIPER *& als.*

Suit upon an administration bond can be brought for the benefit of those persons only, who are interested in the estate.

A creditor of an intestate, who has received for his debt a negotiable note against a third person, of the same amount, secured by a mortgage of land, has no further interest in the estate, although the maker of the note became insolvent and the mortgage was valueless.

The assignee of such a note and mortgage can have, in the intestate estate, no higher interest than his assignor had.

Rawson v. Piper.

DEBT, upon an administration bond.

The administratrix, under a license from the Probate Court, sold land belonging to the intestate, and received of the purchaser his negotiable notes, made payable to several of the creditors of the estate, to the exact amount of their respective debts. To secure these notes, the purchaser gave a mortgage of the same land, jointly to the several payees of said notes. The creditors, (the said payees,) accepted the notes, and gave up to the mortgager the notes which they held against the intestate. Moulton, one of the payees, assigned to Wiggin his note and his interest in the mortgage. The maker of the note became insolvent, and the title under the mortgage failed, because the administratrix had not, prior to her sale of the land, taken the oath required by law in such cases.

This suit is brought by the procurement and for the benefit of Wiggin.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE, HATHAWAY and APPLETON, J. J., was drawn up by

HATHAWAY, J. — The case states that this action, (which is debt upon principal defendant's bond, given as administratrix of Eben S. Piper's estate,) was brought for the benefit of J. S. Wiggin, assignee of Nathan Moulton, one of the creditors of said estate; said Moulton having assigned his claim against the estate to said Wiggin, Jan. 12, 1842.

By R. S. ch. 113, sec. 5, any person interested either personally or in any official capacity in any probate bond, shall have a right to originate a suit on such bond, which suit, by sec. 4, of same statute, is required to be brought in the name of the Judge of Probate. The first question presented, therefore, is whether J. S. Wiggin, for whose benefit the suit was brought, was interested in the bond.

The case finds that Nathan Moulton and some other persons were severally creditors of the estate, holding notes or demands against the deceased intestate; that the administratrix, April 14, 1841, having previously obtained license from the Judge of Probate, to sell the real estate of the deceased

for the payment of debts, &c. sold the same, or a portion thereof, to C. W. Piper and gave him her deed thereof, and by an arrangement, previously made between the parties, said Piper gave his own negotiable notes to said Moulton and to certain other creditors of the estate, to each for the amount of his debt ; and for the balance of the purchase money, a note of same kind payable to the administratrix, the whole of which notes were secured by mortgage (with the usual covenants of warranty) from said Piper, of the same premises, to the respective payees of said notes. And said creditors, at the same time, gave up to said C. W. Piper their demands against the estate.

By inspection of the mortgage, it appears that the creditors of the estate only, were mortgagees, not including the administratrix, but that the note to her was specified in the condition of the mortgage as one of the debts secured thereby. On the back of said mortgage Nathan Moulton (one of the mortgagees) assigned to said Wiggin all his interest therein, Jan'y 12, 1842. There was no other assignment presented in the case.

It seems that by the arrangement made by the parties, C. W. Piper, instead of paying the administratrix directly for the land, was to pay a part of the purchase money to Moulton and others, creditors of the estate. And the case finds that he did pay those debts. His note and mortgage, which Moulton received for his debt, were as much payment of it, so far as Eben S. Piper's estate was concerned, as if it had been paid in money, so that Moulton had no demand against the estate to assign to Wiggin. The note and mortgage of C. W. Piper constituted no claim against the estate of the deceased, and of course, the assignment thereof to Wiggin could transfer no claim against the estate. The facts, that C. W. Piper subsequently became insolvent, and that there was no evidence that the administratrix took the oath required by law, when licensed to sell by the Probate Court, can have no effect in this case. Moulton received the note of C. W. Piper, secured by mortgage, in exchange for his own demand against the estate. He

might have ascertained, by examining the public records, whether the proceedings had been legal and the title was perfect or not.   But he was contented to rely upon the credit and covenants of C. W. Piper, and his assignee of the mortgage cannot, in this respect, be in any better condition than Moulton was in when he made the assignment.

J. S. Wiggin, therefore, having failed to show any interest in the bond sued, which would authorize him to originate a suit thereon, it becomes unnecessary to examine the case further, and a nonsuit must be entered.

*A. W. Paine,* for the plaintiff.

*A. Sanborn,* for the principal defendant.

*Peters,* for the surety, one of the defendants.